BOWLING, Justice,
for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Coahoma County for the crime of armed robbery. The indictment charged him to be an habitual criminal under Section 99-19-83, Mississippi Code Annotated (Supp.1981). After a sentencing hearing, the trial court sentenced appellant to life imprisonment as an habitual criminal. Two principal errors are propounded. They are:
I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ADMITTING THE IN-COURT IDENTIFICATION OF THE DEFENDANT BY THE WITNESSES FOR THE STATE.
II. THE TRIAL COURT ERRED IN ALLOWING THE STATE TO AMEND THE INDICTMENT WITHOUT NOTICE TO THE DEFENDANT AT THE SENTENCING HEARING.
At the trial five witnesses identified the defendant as one of the two men who entered the Kroger store in Clarksdale on November 1, 1980, at about 10:35 p. m. According to the witnesses, appellant walked down an aisle of the store while the other person went to the office located near *1319 the checkout counters. There he exhibited a pistol through the window of the office and demanded money. At about this time, the other man, identified as appellant, pulled a gun and ordered the store employees and customers to get on the floor. Neither man was disguised. In addition to the persons in the store, a police officer in a patrol car stopped in front of the store, after previously having been called to come and accompany the store employee who was carrying the money to the bank. This officer was stopped in his car when the two men came from the store and walked in front of the car. The officer was able to see the men clearly and positively identified the appellant. After the appellant and his accomplice started away the policeman became suspicious and started after them. The two men ran from the scene. Later the same policeman was in the area of an automobile agency when movement was discovered in an abandoned car. This movement developed to be the appellant, who was taken from the car and a search of him revealed a pair of handcuffs, some money and a .38 caliber revolver cartridge. A search of the abandoned car revealed a .38 caliber revolver that was muddy and dirty, as was appellant. The police officer was able to identify not only the features of appellant, but the clothing he was wearing when he crossed immediately in front of the stopped patrol car at the front of the Kroger entrance.
Four employees of the store testified about appellant producing the pistol and ordering them to lie down. All these employees were within a very short distance of appellant and identified him positively at the trial as one of the persons committing the robbery.
Appellant contends that it was reversible error for one of the policemen to show employees a photograph of appellant a couple of days after the robbery. The authorities on this contention are clear. The test was set out by the United States Supreme Court in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), where it was stated:
We turn, then to the central question, whether under the “totality, of the circumstances” the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness’ degree of attention, the accuracy of the witness’ prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.
This Court in the recent case of Miller v. State, 399 So.2d 1338 (Miss.1981), discussed Neil, supra, under a factual situation that appeared to be weaker on the “totality of circumstances” to be considered. In the present case, there were five unmistakeable in-court identifications by persons who were within inches or feet of appellant and their identification of appellant could not be stronger. There is nothing in any of the testimony to indicate any prejudice or undue influence as a result of the officer’s showing some of them appellant’s photograph after the robbery occurred.
There is no merit to Assignment of Error No. 1.
Appellant alleges that the lower court committed reversible error by permitting the state to amend the indictment pri- or to starting the sentencing hearing after the jury’s verdict of guilty.
Investigation had revealed that appellant lived in the State of North Carolina. He had previously been convicted of at least two felonies in that state, both of which resulted in his serving more than one year on each conviction. The dates of those convictions were set out erroneously in the indictment. A week prior to the trial, the state informed appellant’s attorneys of the error and a request would be made to amend the indictment to show the true dates.
Proper instruments were introduced at the sentencing hearing that clearly showed *1320 all dates of appellant’s North Carolina felony convictions and the time served. Appellant makes no complaint of what the true facts were. He made no showing whatever that the erroneous dates set out in the indictment prejudiced him in any way. This Court refused to reverse because of an amended indictment where the variance was “not material to the merits of the case and if the defendant cannot be prejudiced thereby in his defense on the merits.” Jones v. State, 279 So.2d 650 (Miss.1973).
There is no merit to either of the assignments of error.
AFFIRMED.
PATTERSON, C. J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, HAWKINS and DAN M. LEE, JJ., concur.