ON MOTION FOR LEAVE TO FILE MOTION TO VACATE HABITUAL CRIMINAL SENTENCE IN FORMA PAUPERIS
James McLamb is an inmate at the Mississippi State penitentiary. Convicted of armed robbery and sentenced as an habitual offender under § 99-19-83 Miss. Code Ann. (Supp. 1983),410 So.2d 1318, McLamb is serving a sentence of life without the possibility of parole, probation, reduction or suspension of sentence. McLamb's two prior convictions were for the crimes of breaking and entering and larceny. The sole issue raised by McLamb's motion is whether § 99-19-83 allows an habitual offender to be sentenced to life imprisonment where the only crime of violence in the defendant's record is the one for which he is currently being sentenced. McLamb contends that the violent crime contemplated by the statute must be one of the prior convictions and that he was therefore erroneously sentenced. We agree.
Section 99-19-83 reads as follows:
 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Admittedly, the wording of this statute is inartful to say the least; however, application of everyday rules of grammatical construction assist us in our interpretation. The introductory clause of the statute ("Every person convicted in this state of a felony . . .") assumes that the immediate crime for which the defendant is being sentenced is a felony. The statute then sets forth the predicate necessary to be established before enhanced sentencing is appropriate. That predicate requires at least two previous felony convictions which arise out of separate incidents at different times. The defendant must also have been sentenced to and have actually served separate terms of at least one year in a penal institution. Furthermore, one or more of the felonies for which the defendant was previously convicted "shall have been" a crime of violence. The term "shall have been" is in the past tense and necessarily refers to a prior felony.
Section 99-19-81 Miss. Code Ann. (Supp. 1983), the companion statute to § 99-19-83, establishes a mandatory maximum sentence for defendants whose criminal records evince that they have been twice previously convicted and sentenced only. It does not require that the sentences have been served. If these two statutes are considered in pari materia, as we think they must, the intention of the legislature becomes clear. Our lawmakers have mandated that before a defendant may be sentenced under §99-19-83 to life imprisonment without the possibility of probation, parole, or sentence reduction, it must be proven that the defendant has been convicted, sentenced and served time for the commission of at least two prior felonies, one of which was a crime of violence. Without that predicate sentencing under §99-19-83 is inappropriate as this statute requires the most severe punishment the state may impose short of death. *Page 745 
The second reason that we interpret § 99-19-83 to mean that the crime of violence must be one of the prior felonies is simply a matter of the long standing rule that penal statutes are to be interpreted strictly against the state and construed liberally in favor of the accused. Where a statute is patently ambiguous, it must be interpreted in favor of the accused. State v. Russell,358 So.2d 409 (Miss. 1978); Carter v. State, 334 So.2d 376
(Miss. 1976); Walton v. State, 219 Miss. 72, 68 So.2d 87
(1953); Terry v. State, 172 Miss. 303, 160 So. 574 (1935). Furthermore, the oft cited rule in Grillis v. State, 196 Miss. 576, 17 So.2d 525 (1944) has perfect application to the instant controversy: when there is substantial doubt as to which of the two (statutes) is to be applied, the case will be referred to the statute which imposes the lesser punishment. In the instant case the statute which imposes the lesser punishment is § 99-19-81, an enhanced punishment statute applicable to those who have been twice previously convicted and sentenced but who have not served at least one year of those sentences.
Finally, there is a third and more compelling reason to interpret this statute as we do. That reason is that we have already done so and to interpret the statute in any other manner would be inconsistent and disruptive to our state's judicial system. In Wilson v. State, 395 So.2d 957 (Miss. 1981), we addressed and interpreted the habitual criminal statute as follows:
 [2] Most serious is the argument that the defendant had a constitutional right to a jury trial on the issue of whether he was an habitual criminal for having had two prior felony convictions. When the state rested its case as to the assault on the law officer, the court stated that the jury would not be permitted to hear anything regarding the two prior felony convictions. After a guilty verdict, the court would then hear evidence and make the determination as to enhanced punishment under §§ 99-3-7(2) and 99-19-83, supra. The former code section defines the crime of aggravated assault upon a law officer. The latter section provides for a sentence of life imprisonment if one has been convicted of having two prior felony convictions, one of which is a crime of violence for which such person served one year in a penal institution. (Emphasis added).
395 So.2d at 959.
More recently, in Taylor v. State, 426 So.2d 775 (Miss. 1983), we again interpreted § 99-19-83 and held:
 There are two habitual offender statutes, which follow:
 Mississippi Code Annotated § 99-19-81 (Supp. 1981)
 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 Mississippi Code Annotated § 99-19-83 (Supp. 1981)
 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. *Page 746 
 Under the first statute, when a person is charged as a habitual offender, and the proof sustains the charge, upon conviction, he shall be sentenced to the maximum term of imprisonment provided by the criminal statute under which he was indicted, without parole or probation. Under the second statute, upon conviction, the accused, when charged that he previously was convicted of two (2) felonies, one of which constituted a crime of violence, and that he actually served one year or more on each sentence, shall be sentenced to life imprisonment without parole or probation. (Emphasis added.)
426 So.2d at 779.
We therefore hold that in order to be sentenced under §99-19-83 an individual must have committed two prior felonies one of which was violent and have been sentenced and served terms of at least one year on each of those prior felonies. Because McLamb had not been convicted of any prior violent felonies, we are compelled to grant this motion for leave to file motion to vacate habitual criminal sentence in forma pauperis.
MOTION FOR LEAVE TO FILE MOTION TO VACATE HABITUAL CRIMINAL SENTENCE IN FORMA PAUPERIS GRANTED.
PATTERSON, C.J., and BOWLING, PRATHER and SULLIVAN, JJ., concur.
WALKER and ROY NOBLE LEE, P.JJ., and ROBERTSON, J., dissent.
HAWKINS, J., not participating.