IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60057
Summary Calendar
_____


JAMES ODELLE MCLAMB,

                              Petitioner-Appellant,

        versus

EDWARD HARGETT, Superintendent,

Mississippi State Penitentiary,

                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(2:91 CV 81 D 0)
_____

September 8, 1995

Before KING, SMITH, and BENEVIDES, Circuit Judges.

PER CURIAM:[*]

    Petitioner James Odelle McLamb ("McLamb") appeals from the

district court's dismissal of his 28 U.S.C. § 2254 application

for a writ of habeas corpus.  Finding no constitutional error in

McLamb's conviction or sentence, we affirm.

_____

        [*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

## I. FACTUAL AND PROCEDURAL BACKGROUND

McLamb was convicted of armed robbery by a Mississippi jury and sentenced as a habitual violent offender under MISS. CODE ANN. § 99-19-83 (1994) to life imprisonment without possibility of parole on February 19, 1981. On March 10, 1982 the Mississippi Supreme Court affirmed his conviction and sentence.[1] McLamb v. State, 410 So. 2d 1318 (Miss. 1982) (McLamb I).

On September 5, 1984, the Mississippi Supreme Court granted McLamb's motion for leave to file a motion to vacate his sentence in the trial court, holding that his sentence under § 99-19-83 was improper because neither of his two prior convictions was for a violent crime. McLamb v. State, 456 So. 2d 743 (Miss. 1984) (McLamb II). The trial court accordingly vacated his sentence and resentenced McLamb under MISS. CODE ANN. § 99-19-81 (1994) to 38 years without the possibility of parole on March 21, 1985.[2] On May 7, 1985, the trial court adjusted McLamb's sentence to 33 years after determining that it had mistakenly calculated

---

[1] McLamb asserted the following claims on his direct appeal:

(1) the court erred in allowing his in-court identification; and
(2) the court erred in allowing the state to amend the indictment at the sentencing hearing to correct the dates of McLamb's prior convictions without notice to McLamb.

[2] Section 99-19-81 provides for a mandatory maximum sentence for defendants whose criminal records show that they have been twice previously convicted and sentenced. MISS. CODE ANN. § 99-19-81 (1994); McLamb v. State, 456 So. 2d 743, 744 (Miss. 1984). It differs from section 99-19-83, which provides for life imprisonment, in that it does not require that the previous sentences have been served, nor does it require that at least one previous conviction be for a crime of violence. Id.

McLamb's birth-year as 1952 rather than 1946, a fact which was necessary for determining the sentence. The Mississippi Supreme Court affirmed the new sentence without opinion on June 4, 1986.[3]

Over the next several years, McLamb filed many motions for post-conviction relief with the Mississippi state courts and four federal habeas petitions with the United States District Court.[4] McLamb filed his first motion for post-conviction relief with the Mississippi Supreme Court on December 5, 1986, claiming that: (1) he had received ineffective assistance of counsel; (2) a former employee of the victim improperly sat on the jury; and (3) his motion to suppress was erroneously overruled. The court denied this motion on January 21, 1987, without prejudice to refile in the trial court.

On January 16, 1987, McLamb filed a second motion in the Mississippi Supreme Court alleging that: (1) he had received

---

[3] McLamb asserted the following errors in his direct appeal from the amended sentencing order:

> (1) the documents supporting his prior convictions were insufficient because they failed to establish that the two convictions arose from separate incidents;
> (2) the indictment was insufficient under Rule 6.04;
> (3) it was error to amend the indictment and sentence him under § 99-19-81 when he was tried under § 99-19-83;
> (4) his waiver of appearance at the resentencing hearing was invalid; and
> (5) resentencing under § 99-19-81 violated the Double Jeopardy clause.

[4] McLamb's first three federal habeas petitions were dismissed without prejudice for failure to exhaust state remedies, and he voluntarily dismissed his fourth petition. This appeal is from McLamb's fifth application for a writ of habeas corpus from the United States District Court.

3

ineffective assistance of counsel; (2) a copy rather than the original record of McLamb's prior convictions was improperly admitted; (3) McLamb's waiver of appearance at resentencing was invalid; (4) the indictment was erroneously amended after the sentence was vacated; and (5) resentencing was barred by double jeopardy. This motion was also denied on February 11, 1987.

McLamb filed a third motion with the Mississippi Supreme Court on February 27, 1987, arguing that: (1) his resentencing was barred by double jeopardy; (2) amendment of the indictment violated double jeopardy and Rule 6.04 of the Mississippi Circuit Court Rules; (3) McLamb was not afforded an opportunity to defend against the amended indictment; and (4) McLamb could not be resentenced without a new indictment from the grand jury. This motion was denied on March 18, 1987.

On June 13, 1988, McLamb filed a motion to vacate sentence in the Circuit Court of Coahoma County, which was denied, raising the following grounds: (1) the amended indictment was illegal; (2) McLamb's waiver of presence at the resentencing hearing was invalid; (3) resentencing violated double jeopardy; and (4) sentencing as a habitual offender violated the Ex Post Facto clause.

McLamb returned to the Mississippi Supreme Court on June 24, 1988, claiming that: (1) evidence admitted at trial was obtained by an illegal search and seizure; (2) evidence admitted at trial was obtained through an unlawful arrest; (3) the court violated McLamb's right against self-incrimination when it required him to

4

stand up at trial; (4) favorable evidence was suppressed; and (5) his arrest and detention were unconstitutional. This motion was denied on July 27, 1988.

McLamb tried a sixth time on March 15, 1989 arguing to the state supreme court that: (1) his indictment was illegally amended; (2) the trial court failed to allow him to defend against the amended indictment; and (3) resentencing was barred by double jeopardy. The court denied this motion on May 3, 1989.

All of the motions described above were denied on the merits by the Mississippi Supreme Court without a written opinion. On September 1, 1989, McLamb filed his seventh motion for post-conviction relief in the Mississippi Supreme Court, alleging that: (1) his arrest violated due process and equal protection; (2) the unsworn affidavit of the arresting officer did not constitute probable cause; and (3) he had received ineffective assistance of counsel. On December 27, 1990, the Mississippi Supreme Court denied this motion as successive and barred by MISS. CODE ANN. § 99-39-27(9).[5]

On September 26, 1991, McLamb again filed a motion for post-conviction relief with the Mississippi Supreme Court, attacking the legality of his North Carolina convictions on the ground that he pled guilty without the advice of counsel. The Mississippi

_____

[5] This section provides that, barring certain exceptions, "[t]he dismissal or denial of an application [for post-conviction relief] under this section is a final judgment and shall be a bar to a second or successive application under this chapter." MISS. CODE ANN. § 99-39-27(9) (1994).

5

Supreme Court again dismissed the motion as barred by section 99-39-27(9).

McLamb then filed the present application for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi on May 6, 1991, seeking relief on the following grounds:

1. The statutory maximum sentence for armed robbery is 30 years, so the trial court erred in sentencing McLamb to 33 years;

2. The trial judge erred in allowing the indictment to be amended and sentencing McLamb without "allowing the jury to view it;"

3. The use of McLamb's prior North Carolina convictions to enhance his Mississippi sentence was error because those prior convictions were illegal;

4. The trial court erred in allowing McLamb's indictment to be amended in vacation and after his trial;

5. The documents offered to prove McLamb's prior North Carolina convictions were insufficient to establish habitual offender status under the enhancement statutes;

6. The original indictment was defective because it failed to sufficiently particularize McLamb's prior convictions as required by Rule 6.04 of the Mississippi Uniform Criminal Rules of Circuit Court Practice;

7. The in-court identification of McLamb was reversible error;

8. The trial court erred in allowing the indictment to be amended at the sentencing hearing without notice to petitioner;

9. The prior North Carolina convictions should not have been used to enhance his Mississippi sentence because McLamb pled guilty to those charges without the assistance of counsel (added in McLamb's amended petition).

6

The district court referred the petition to a magistrate judge who issued a report on September 12, 1994, recommending the dismissal of McLamb's claims, finding them without merit. The district court adopted the magistrate's recommendations on January 13, 1995 and dismissed McLamb's petition for habeas relief. McLamb raises the same nine claims of error on appeal. Additionally, he asserts that his resentencing violated the Double Jeopardy clause.[6]

## II. ANALYSIS

In habeas proceedings, we review the district court's findings of fact under the clearly erroneous standard and review its conclusions of law de novo. Barnard v. Collins, 958 F.2d 634, 636 (5th Cir. 1992), cert. denied, 113 S. Ct. 990 (1993); United States v. Woods, 870 F.2d 285, 287 (5th Cir. 1989). In considering a petition presented by a state prisoner, we must presume the correctness of state court factual findings. See 28 U.S.C. § 2254(d); Barnard, 958 F.2d at 636. We will address McLamb's claims in five groups--(1) those claims that are procedurally barred, (2) those claims relating to his indictment, (3) his sufficiency of the evidence claim, (4) his double

---

[6] McLamb presented this claim to the Mississippi Supreme Court both on direct appeal and in his post-conviction motions. Although McLamb does not set out his double jeopardy claim as a separate ground of error, he has argued it before the district court and in his appellate brief, and the district court addressed the claim, so we will also address this contention.

7

jeopardy claim, and (5) his claim regarding his in-court identification.

## A. Procedural Default

The district court properly dismissed McLamb's claims 3 and 9, attacking his North Carolina convictions, as procedurally barred under the rule of Coleman v. Thompson, 501 U.S. 722 (1991). When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is usually barred. Coleman, 501 U.S. at 750; Cowart v. Hargett, 16 F.3d 642, 644 (5th Cir.), cert. denied, 115 S. Ct. 227 (1994). To overcome this procedural bar, the state prisoner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; Renz v. Scott, 28 F.3d 431, 432 (5th Cir. 1994); Cowart, 16 F.3d at 642.

McLamb argued before the Mississippi Supreme Court that his prior convictions were illegal in a motion dated September 26, 1991. Because this was McLamb's seventh motion for post-conviction relief filed since his resentencing, the court did not address these claims on the merits; instead, it dismissed the motion as a successive writ barred by MISS. CODE ANN. § 99-39-27(9) (1994); see Grubb v. State, 584 So. 2d 786, 789 (Miss. 1991). Section 99-39-27(9) provides that, barring certain exceptions, "the dismissal or denial of an application [for post-

8

conviction relief] under this section is a final judgment and shall be a bar to a second or successive application under this chapter." Because McLamb did not present these claims in an earlier motion for relief, the Mississippi Supreme Court refused to address them; therefore, McLamb procedurally defaulted these claims in the state court. McLamb does not argue that § 99-39-27(9) is not a procedural bar. This court may not review claims which were procedurally defaulted in state court unless the petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause, the habeas petitioner must show "that some objective factor external to the defense impeded [the petitioner's] efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). McLamb fails to advance any argument that he had cause for his procedural default. Because he has not made the required showing of cause, the court need not consider whether his inability to bring the barred claim actually prejudiced him. Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995).

If a habeas petitioner fails to show cause and prejudice for a state procedural default, the federal court will address the merits only if review is necessary to correct a "fundamental miscarriage of justice"--that is, if the claimed constitutional violation resulted in the conviction of one who is actually innocent. Coleman, 50l U.S. at 748; Glover, 56 F.3d at 684. McLamb does not contend that he is actually innocent of the

9

crime, so the "manifest miscarriage of justice" exception cannot apply.

McLamb's first claim, that his sentence is excessive, is also procedurally barred. McLamb argues that the trial court erred in sentencing him to 33 years because the statutory maximum sentence for armed robbery is 30 years. McLamb has never presented this claim to the Mississippi courts. However, because McLamb's last motion for post-conviction relief was dismissed by the Mississippi Supreme Court as a successive writ under § 99-39-27(9), any future motions would be procedurally barred. "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer `available' to him." Coleman, 501 U.S. at 732. The procedural default is an independent and adequate state ground that bars federal review. Id. Otherwise, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. Id.

Even if McLamb's excessive sentence claim were not barred by procedural default, it fails on the merits. Under MISS. CODE ANN. § 99-19-81, McLamb was subject to "the maximum term of imprisonment prescribed for" armed robbery. Mississippi Code section 97-3-79 defines armed robbery and provides the punishment range. MISS. CODE ANN. § 97-3-79 (1994). This section states:

> Every person who [commits armed robbery] shall be
> imprisoned for life in the state penitentiary if the
> penalty is so fixed by the jury; and in cases where the
> jury fails to fix the penalty at imprisonment for life

> ... the court shall fix the penalty of imprisonment ...
> for any term not less than three (3) years.

Id. In Stewart v. State, the Mississippi Supreme Court interpreted this provision to mean that, in cases in which the jury does not assess a life sentence, the court must sentence the defendant to a "definite term reasonably expected to be less than life." 372 So. 2d 257, 259 (Miss. 1979); see Glover, 56 F.3d at 685. In the present case, the trial court determined a sentence reasonably expected to be less than life by reference to McLamb's age and life expectancy tables. See Henderson v. State, 402 So. 2d 325, 328 (Miss. 1981)(applying Stewart and approving a determination of an armed robbery sentence using age and life expectancy tables). These factors explain the need to reduce McLamb's sentence when the court discovered that it had erred in determining his birthdate. McLamb's assertion that any sentence over thirty years is equivalent to a life sentence under Mississippi law is meritless.

## B. Sufficiency of the Indictment

McLamb raises four claims regarding the defectiveness of his indictment--claims 2, 4, 6 and 8. Specifically, he contends that (1) the state should not have been permitted to amend the indictment by correcting the dates of his prior convictions without "allowing the jury to view the amended indictment;" (2) the indictment should not have been amended in vacation and after the trial and conviction; (3) the indictment should not have been amended at the sentencing hearing because McLamb was not given adequate notice; and (4) the original indictment did not

11

sufficiently particularize the prior convictions as required by Mississippi Uniform Criminal Rules of Circuit Court Practice Rule 6.04.  The Mississippi Supreme Court has addressed these contentions on the merits; therefore, they are ripe for federal review.[7]

Federal habeas relief is not available for deficiencies in a state indictment unless it can be shown that the indictment is so defective that it deprived the state court of jurisdiction. McKay v. Collins, 12 F.3d 66, 68 (5th Cir.), cert. denied, 115 S. Ct. 157 (1994); Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985). "State law dictates whether a state indictment is sufficient to confer" jurisdiction on a court.  Williams v. Collins, 16 F.3d 626, 637 (5th Cir.), cert. denied, 115 S. Ct. 42 (1994); McKay, 12 F.3d at 69.  A federal court will not consider defective indictment claims on habeas review of state convictions if the sufficiency of the indictment was presented to the highest state court on appeal, and that court found, expressly or

---

[7] Although the appeal following resentencing was affirmed without opinion and McLamb's post-conviction motions were denied without opinion, the United State Supreme Court has held that:

> [W]hen . . . a state court decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so.

Michigan v. Long, 463 U.S. 1032, 1040-41 (1983).  Thus the court can assume that the Mississippi Supreme Court's decisions were on the merits.

implicitly, that the trial court had jurisdiction because the indictment was sufficient under state law.  McKay, 12 F.3d at 68; Alexander, 775 F.2d at 598.

McLamb first raised the issue of the sufficiency of the indictment and the change in the dates of his prior convictions on direct appeal.  McLamb, 410 So. 2d at 1318.  The Mississippi Supreme Court rejected his challenge, reasoning that the changes were not material to the merits of the case.  Id. at 1320. McLamb again claimed defects in his indictment and in the process of amending the indictment in his direct appeal from the amended sentencing order and in several of his motions for post-conviction relief.  In each instance, the Mississippi Supreme Court denied relief without opinion.  Because the Mississippi Supreme Court has upheld the sufficiency of the indictment and the propriety of its amendment in this case, federal review is precluded.  See Alexander, 775 F.2d at 599.

### C. Sufficiency of the Evidence

McLamb's fifth claim alleges that the documents offered to prove McLamb's prior North Carolina convictions were insufficient to establish habitual offender status under the enhancement statutes.  McLamb raised this claim in his direct appeal from his amended sentencing order, which the Mississippi Supreme Court denied on the merits; therefore, this claim is ripe for federal review.  See supra, note 7.  In reviewing a habeas petitioner's claim of insufficient evidence, the reviewing court must ask whether, viewing the evidence in the light most favorable to the

13

verdict, <u>any</u> rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979); <u>Callins v. Collins</u>, 998 F.2d 269, 276 (5th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1127 (1994).

McLamb does not contend that the evidence was insufficient for the jury to convict him of armed robbery. Rather, his claim is limited to the contention that the evidence of his prior convictions was insufficient to sentence him as a habitual offender under MISS. CODE ANN. § 99-19-83 or § 99-19-81 (1994). Because McLamb is presently sentenced under § 99-19-81, we will review the evidence for compliance with that statute. Section 99-19-81 provides:

> Every person convicted in this state of a felony who shall have been <u>convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution</u>, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

MISS. CODE ANN. § 99-19-81 (1994). To sentence a defendant under this statute, the state must present evidence that (1) the defendant was convicted of two prior felonies or federal crimes; (2) these two crimes arose out of separate incidents; and (3) the defendant was sentenced to at least one year imprisonment on each conviction. In the present case, the district court found:

> [A]lthough the evidence produced at the first sentencing hearing was insufficient to support

14

enhancement under § 99-19-83 because neither prior conviction was for a violent crime, it was clearly sufficient under § 99-19-81 in that the certified records from North Carolina included the judgment and commitment orders for the crime of larceny in 1971 and breaking and entering in 1965 for which petitioner was sentenced to 10 years and 3 to 5 years respectively. Numerous other documents from North Carolina were submitted as proof of petitioner's prior convictions including history cards from petitioner's period of confinement and an inmate identification card.

We agree with the district court and, upon comparison of the evidence submitted to the elements of § 99-19-81, we conclude that the evidence was sufficient to support the sentence imposed. See Sones v. Hargett, No. 93-7646, slip op. at 5155, n.2, 5158 (5th Cir. Aug. 21, 1995) (holding that proof of defendant's prior convictions in the form of commitment orders and testimony of state prison personnel identifying defendant, was adequate for enhancement purposes, even without actual judgments of conviction).

### D. Double Jeopardy

McLamb also contends that he was subjected to double jeopardy by his second sentencing hearing. Again, this claim was addressed on the merits numerous times by the state court; therefore, it is ripe for federal review. See supra note 7. The double jeopardy clause applies to enhancement proceedings. Millard v. Lynaugh, 810 F.2d 1403, 1409 (5th Cir.), cert. denied, 484 U.S. 838 (1987). McLamb argues that the evidence at his first sentencing hearing was insufficient to prove the existence of his two prior convictions; therefore, it would offend double jeopardy to resentence him using these two convictions. However,

15

we affirmed the district court's conclusion that the evidence was sufficient to prove the existence of McLamb's prior convictions. Additionally, in vacating McLamb's sentence, the Mississippi Supreme Court held only that his sentence was erroneous because the prior convictions did not satisfy the requirements of § 99-19-83 in that they were not crimes of violence; it did not hold that the state failed to present sufficient evidence to prove the existence of McLamb's prior convictions.  See McLamb v. State, 456 So. 2d 743, 744.

This circuit has addressed the claim raised by McLamb, and held that the use of a valid conviction to resentence a defendant under a lesser enhancement statute after the invalidation of his sentence under a more severe enhancement statute does not offend double jeopardy.  Smith v. Collins, 964 F.2d 483, 487 (5th Cir. 1992) (concluding that the resentencing of a defendant as a repeat offender after invalidation of his conviction as a habitual offender because one of his prior convictions was found defective does not offend double jeopardy); Millard, 810 F.2d at 1409.  We conclude that the evidence of McLamb's prior convictions presented at his first sentencing hearing was sufficient to sentence him under § 99-19-81; thus, his claim that his resentencing under this statute violates the Double Jeopardy clause is without merit.

### E. In-Court Identification

McLamb finally argues that the trial court erred in permitting his in-court identification.  The Mississippi Supreme

16

Court rejected this argument on the merits in McLamb's first direct appeal; therefore, it is ripe for federal review.  See McLamb v. State, 410 So. 2d 1318 (Miss. 1982).  At trial, five witnesses identified McLamb as one of two men who robbed a Kroger store in Clarksdale, Mississippi, on November 1, 1980.  McLamb maintains that the in-court identification was improper because he was the only black person in the courtroom not in uniform when the identifications were made and because the state witnesses were shown his photograph during the pre-trial investigation.

"A conviction based on an eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of misidentification."  Herrera v. Collins, 904 F.2d 944, 946 (5th Cir.), cert. denied, 498 U.S. 925 (1990) (citing Simmons v. United States, 390 U.S. 377, 384 (1968)).  A two-step analysis governs the admissibility of identification evidence.  First the court must determine whether the identification procedure used in the case was impermissibly suggestive.  Herrera v. Collins, 904 F.2d 944, 946 (5th Cir.), cert. denied, 498 U.S. 925 (1990). Next, the question is whether, under the totality of the circumstances, the suggestiveness of the identification created a substantial likelihood of irreparable misidentification.  Herrera, 904 F.2d at 946.

Reliability is the "linchpin" of the identification analysis.  Manson v. Brathwaite, 432 U.S. 98, 114 (1977).  "Even

17

an impermissibly suggestive identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability."  Herrera, 904 F.2d at 947. Factors to be considered include the opportunity of the witness to view the criminal, the witness's degree of attention, the accuracy of the witness's prior description, the level of certainty demonstrated at the confrontation, the length of time between the crime and the confrontation, and the corrupting effect of the suggestive identification itself.  Manson, 432 U.S. at 114.

Even assuming arguendo that the out-of-court identification procedure (i.e., the witnesses alleged viewing of the photograph) was impermissibly suggestive, under the totality of the circumstances, this case presents no substantial likelihood of misidentification.  Four Kroger employees, all of whom were within a very short distance of McLamb during the hold-up, identified him positively at trial as one of the robbers.  A fifth witness, a police officer, testified that McLamb and another man left the Kroger store and walked in front of his patrol car.  The lighting was "very good" and the officer was able to see the men clearly.  The two men began to run and the officer gave chase.  The officer was part of the search team that found McLamb in an abandoned vehicle in a field near Kroger's about an hour after the robbery.  The officer positively identified McLamb as one of the men.  The officer testified that he was never shown a photograph of McLamb.

18

All five identifying witnesses viewed McLamb within a few feet, under bright lights, and without a mask or other object covering his face.  All five witnesses described a black male with facial hair wearing a jacket and dark clothes.  The descriptions of the witnesses who viewed a photograph of McLamb after the robbery were no different from the descriptions offered by the witnesses who were not shown a photograph.  Thus, the totality of the circumstances indicates that the in-court identifications of McLamb were reliable and did not offend due process.

### III. CONCLUSION

For the foregoing reasons, the district court's denial of McLamb's habeas corpus petition is AFFIRMED.  The respondent Hargett's motion to dismiss the appeal for failure to timely file a brief is denied as moot.