974 So.2d 935 (2008)
James Odell McLAMB, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00496-COA.
Court of Appeals of Mississippi.
January 29, 2008.
*936 James Odell McLamb, pro se.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
ROBERTS, J., for the Court.

SUMMARY OF THE CASE
¶ 1. Incident to his 1981 conviction by the Coahoma County Circuit Court for armed robbery and his sentence as a habitual offender, James Odell McLamb filed a pro se Emergency Motion for State Habeas Corpus in the Rankin County Circuit Court. The circuit court treated McLamb's motion as a petition for post-conviction collateral relief and dismissed McLamb's motion for lack of jurisdiction. McLamb appeals, claiming that because his two prior convictions occurred before the post-conviction collateral relief act was written into law, his sentence as a habitual offender is impermissible as an ex post facto law. Finding no error, we affirm.

FACTS AND PROCEDURAL HISTORY
¶ 2. On February 19, 1981, a jury sitting before the Coahoma County Circuit Court found MeLamb guilty of armed robbery. The circuit court found that McLamb was a habitual offender pursuant to Section 99-19-83 of the Mississippi Code Annotated and sentenced McLamb to life imprisonment. McLamb v. State, 410 So.2d 1318 (Miss.1982) (McLamb I). On direct appeal, the Mississippi Supreme Court affirmed McLamb's conviction and sentence. Id. at 1320.
¶ 3. McLamb then filed a pro se motion to vacate the habitual offender portion of his sentence, which was denied by the circuit court. However, on appeal, the Mississippi Supreme Court found that because neither of McLamb's two prior felonies were "violent" felonies, McLamb should have been sentenced as a habitual offender pursuant, to Section 99-19-81 of the Mississippi Code. McLamb v. State, 456 So.2d 743, 746 (Miss.1984) (McLamb II). Therefore, the supreme court granted McLamb's motion for leave to file motion to vacate the habitual offender portion of his sentence as set forth by Section 99-19-83.
¶ 4. As best we can tell, McLamb's sentence was reduced from life imprisonment to thirty-three years. We derive this conclusion from two sources: (1) a statement in McLamb's brief and (2) a case reported *937 as McLamb v. State, 490 So.2d 912 (Miss. 1986) (McLamb III). According to McLamb's brief, `loin May 7, 1985 the circuit court sentenced McLamb to thirty-three years without parole." In McLamb III, the opinion portion of that case simply says "AFFIRMED" and nothing more. Id. It appears that McLamb III is in the nature of a per curiam affirmance. The most likely set of events is that, after the supreme court's decision in McLamb II, the circuit court reduced McLamb's sentence from life imprisonment to thirty-three years, and McLamb then appealed that decision, thus giving rise to the supreme court's decision in McLamb III. We discuss this for clarity's sake only, but we do not find that this occurred as a matter of fact.
¶ 5. In any event, McLamb continued to seek post-conviction collateral relief. In his brief, McLamb states, "On. June 13, 1988, McLamb filed numerous post-conviction motions in which this Honorable Court denied relief on December 27, 1990." The record does not contain any of those "numerous post-conviction motions" or any reported case in which this Court or the Mississippi Supreme Court denied relief.
¶ 6. On October 16, 2006, McLamb filed the document that would eventually give rise to his current appeal. McLamb filed a pro se document styled as an Emergency Motion for State Habeas Corpus in the Rankin County Circuit Court. By that document, McLamb challenged his 1981 conviction on the basis that his prior convictions occurred before the habitual offender act existed. That is, McLamb claimed he could not be found to be a habitual offender incident to convictions from 1965 and 1970 because the habitual offender act was not written into law until 1977. McLamb suggested that his sentence as a section 99-19-81 habitual offender was improper pursuant to the constitutional prohibition against ex post facto laws.
¶ 7. The Rankin County Circuit Court dismissed McLamb's "emergency motion" because it did "not have venue jurisdiction in this matter for the reason that the Respondent is the State of Mississippi Department of Corrections which is a State agency whose primary office is located in Hinds County, Mississippi." Aggrieved, McLamb appeals.

STANDARD OF REVIEW
¶ 8. In reviewing a circuit court's decision to deny a motion for post-conviction collateral relief, we will not disturb the circuit court's factual findings unless they are clearly erroneous. Boyd v. State, 926 So.2d 233, 234 (¶ 2) (Miss.Ct.App.2005). However, we review questions of law de novo. Id.

ANALYSIS
1. WHETHER THE CIRCUIT COURT ERRED WHEN IT DISMISSED MCLAMB'S EMERGENCY MOTION FOR STATE HABEAS CORPUS.
¶ 9. The circuit court correctly treated McLamb's motion as a petition for post-conviction collateral relief.[1] McLamb claims the circuit court erred when it dismissed his Emergency Motion for State Habeas Corpus. We disagree. McLamb's appeal must be dismissed for multiple reasons.
*938 ¶ 10. For one, McLamb's petition is time-barred. McLamb claims his sentence is a violation of the prohibition against ex post facto laws. Miss. Const., art. 3, § 16. "Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims" [t]hat the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi" may petition for post-conviction relief. Miss.Code Ann. § 99-39-5(1)(a) (Rev.2007). "A motion for relief under this article shall be made within three, (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi. . . ." Miss.Code Ann. § 99-39-5(2) (Rev.2007).
¶ 11. The Mississippi Supreme Court ruled on McLamb's direct appeal in MeLamb I. The Mississippi Supreme Court handed down McLamb I in 1982. McLamb, 410 So.2d at 1318. Therefore, McLamb's time to raise this issue expired in 1985. Moreover, nothing would have prevented McLamb from arguing the merits of his appeal, as the habitual offender statutes predated the conviction for which he was sentenced as a habitual offender. What McLamb claims to be an ex post facto law was written into law in 1977. McLamb was convicted in 1981. McLamb certainly could have raised this issue within the three-year statute of limitations.
¶ 12. Secondly, McLamb's argument is barred pursuant to the prohibition against successive writs. Miss.Code Ann. § 99-39-3(2) (Rev.2007). The Mississippi Supreme Court decided McLamb's first collateral action in McLamb II. As a result, McLamb's sentence was reduced from life imprisonment, as a Section 99-19-83 habitual offender, to thirty-three years, as a Section 99-19-81 habitual offender. Afterwards, McLamb filed another appeal in McLamb III, but the resulting opinion does not state just what the issues were. In any event, by McLamb's own description, he admitted that, afterwards, he filed "numerous post-conviction motions in which this Honorable Court denied relief on December 27,1990."
¶ 13. Not only is McLamb's motion time-barred and barred by the prohibition against successive writs, he is also barred because he failed to obtain the Mississippi Supreme Court's permission before he filed his petition. "Where the conviction and sentence have been affirmed on appeal the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi." Miss.Code Ann. § 99-39-7 (Rev.2007). The record does not indicate that McLamb requested the supreme court's permission or that the supreme court ever granted permission for McLamb to seek post-conviction relief.
¶ 14. Finally, even if we ignored the procedural requirement discussed directly above, McLamb filed his motion in the wrong circuit court. "The motion under this article shall be filed as an original civil action in the trial court." Id. (emphasis added). Stated differently, one who seeks post-conviction relief must file his petition in the circuit court in which he was convicted. McLamb was convicted in the Coahoma County Circuit Court. He improperly filed his emergency motion for state habeas corpus in the Rankin County Cireuit Court. For this and the other reasons stated above, we find that McLamb's petition is procedurally barred. Accordingly, we dismiss McLamb's appeal.
¶ 15. Assuming, for the sake of argument, that McLamb's appeal is not barred for all the reasons detailed above, McLamb's argument would still fail on its merits. McLamb contends that his sentence *939 as a habitual offender is impermissible because it is, prohibited by constitutional guarantees that prohibit punishment by ex post facto laws. According to McLamb, because the two underlying convictions that gave rise to his sentence as a habitual offender occurred prior to the enactment of the habitual offender act, he cannot be sentenced as a habitual offender without being submitted to an ex post facto law.
¶ 16. The Mississippi Supreme Court resolved this precise issue in Smith v. State, 465 So.2d 999 (Miss.1985). The appellant in Smith argued that application of Mississippi Code Annotated section 99-19-81 constituted an ex post facto law because his prior convictions occurred before January 1, 1977, the date section 99-19-81 became effective. The Mississippi Supreme Court rejected that argument and noted: "[T]he sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Id. at 1003 (quoting Branning v. State, 224 So.2d 579,580-81 (Miss.1969)).
¶ 17. Before we conclude, we must discuss sanctions. When an inmate in the custody of the Mississippi Department of Corrections files a lawsuit that is subsequently dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, that inmate faces a sanction. Miss.Code Ann. § 47-5-138(3) (Supp.2007). To be precise, after one such lawsuit, "the department shall forfeit [s]ixty (60) days of an inmate's accrued earned time[.]" Miss.Code Ann. § 47-5-138(3)(b)(i). The circuit court did not sanction McLamb pursuant to Section 47-5-138(3), but the statute does not limit such a finding to a trial court. The statute contemplates a final order of "a state court." Miss.Code Ann. §, 47-5-138(3)(a).
¶ 18. The circuit court dismissed McLamb's motion because it was filed in the wrong court. We agree that McLamb's motion should have been dismissed for that reason and for many others. McLamb's appeal is frivolous. There is a three-part test involved in determining whether a case brought in forma pauperis should be dismissed as frivolous: (1) whether it has a realistic chance of success; (2) whether it presents an arguably sound basis in fact and law; and (3) whether the proponent can prove any set of facts that would warrant relief. Dock v. State, 802 So.2d 1051, 1056(¶ 11) (Miss.2001). MeLamb's motion never had a realistic chance of success. It was time-barred, barred as a successive writ, barred because he failed to seek the requisite permission to file, and it was filed in the wrong court. Not only that, McLamb failed to present an arguably sound basis for his argument in fact or law. McLamb could not prove any set of facts that would warrant relief.
¶ 19. "Sections 47-5-138(3)(a) and (b) are fully applicable against pro se litigants who seek post-conviction relief." Id. Despite McLamb's obvious candidacy for sanctions, such an order would have no real effect. McLamb was sentenced as a section 99-19-81 habitual offender. As such, his sentence can "not be reduced or suspended nor shall such person be eligible for parole or probation." Miss.Code Ann. § 99-19-81 (Rev.2007). Therefore, McLamb has no earned time subject to sanction. McLamb should be aware that:
An inmate shall not bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal *940 in a court that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
Miss.Code Ann. § 47-5-76(1) (Supp.2007). McLamb stated that he filed "numerous post-conviction motions" on June 13, 1988. The record does not contain any indication of the resolution of those "numerous post-conviction motions." Regardless of the resolution of the post-conviction motions at issue, by this opinion, McLamb now has at least one case resolved as contemplated by section 47-5-76(1).
¶ 20. Further, the Mississippi Supreme Court has sanctioned pro se litigants proceeding in forma pauperis. In Ivy v. State, 688 So.2d 223, 224 (Miss.1997), a pro se litigant filed petitions for a writ of mandamus in the wrong court. The supreme court found that Ivy filed an objectively frivolous filing and that he had filed similarly frivolous petitions in the past. Id. As a result, the supreme court dismissed Ivy's petitions, sanctioned Ivy $250, and prohibited Ivy from filing any further petitions in forma pauperis, unless and until, he either paid the $250 sanction or received the supreme court's permission? Id. McLamb should be aware of these potential outcomes in the event that he considers filing additional actions in the future,
¶ 21. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. KING, C.J., SPECIALLY CONCURS WITH SEPARATE OPINION.
KING, C.J., Specially Concurring:
I concur with the majority opinion in so far as it affirms the dismissal of McLamb's request for post-conviction relief.
NOTES
[1] The Mississippi Uniform Post-Conviction Collateral Relief Act "abolishes the common law writs relating to post-conviction collateral relief, including . . . post-conviction habeas corpus [and] statutory post-conviction habeas corpus." "Miss.Code Ann. § 99-39-3(1) (Rev. 2007); Grubb v. State, 584 So.2d 786, 788 (Miss.1991).