ROBERTS, J.,
concurring:
¶ 16. I concur with the majority’s decision that the evidence is insufficient to convict Connie Lynn Armstead for directing a minor to commit a felony. I agree that Armstead’s conviction under Count II must be reversed and rendered. I write separately because I arrive at the same result by a slightly different route.
¶ 17. The majority finds that clearly Mississippi Code Annotated section 97-1-6 (Rev.2006) pertains to persons over the age of seventeen and not persons who are seventeen at the time the crime is committed.” I do not find that this is clear. In my opinion, the age qualifier in section 97-1-6 is ambiguous. Section 97-1-6 sets forth that an accused must be “over the age of seventeen” to be convicted of directing a minor to commit a felony. There are two reasonable ways that one may be over the age of seventeen: (1) at least one day *116 older than seventeen years old or (2) at least eighteen years old. Because there are two different but reasonable interpretations of that language, I do not agree with the majority’s conclusion that it is clear that one must be at least eighteen years old to be convicted under section 97-1-6. I find that it is ambiguous whether one must be eighteen years old or seventeen years and one day old.
¶ 18. “It is bedrock law in Mississippi that criminal statutes are to be strictly construed against the State and liberally in favor of the accused.” Coleman v. State, 947 So.2d 878, 881 (¶ 10) (Miss.2006) (citing McLamb v. State, 456 So.2d 743, 745 (Miss.1984)). “Where a statute is patently ambiguous, it must be interpreted in favor of the accused.” McLamb, 456 So.2d at 745 (citations omitted). In that light, an accused may only be convicted under section 97-1-6 if the evidence demonstrates, beyond a reasonable doubt, that the accused was at least eighteen years old at the time of the offense. Armstead was seventeen years old, and she remained a seventeen-year-old minor until her eighteenth birthday. Consequently, there was insufficient evidence to convict Armstead for directing a minor to commit a felony. With utmost respect for the majority, this distinction — subtle though it may be — is necessary to properly analyze the issue. Accordingly, I concur with the majority’s result.
GRIFFIS, P.J., BARNES AND MAXWELL, JJ., JOIN THIS OPINION.