MAXWELL, J.,
for the Court:
¶ 1. In James Odell McLamb’s fifth appellate challenge to his 1981 armed-robbery conviction, he argues his indictment was improperly amended. But the Mississippi Supreme Court already rejected this exact issue over three decades ago on direct appeal in McLamb I. Further impediments to our review are his failure to obtain permission from the supreme court to file this motion for post-conviction relief (PCR) — his fourth — and the fact that this motion is time-barred and successive-writ barred. Because of the jurisdictional and procedural defaults, we affirm the circuit court’s dismissal of McLamb’s PCR motion.
Facts, Procedural History, and Discussion
¶ 2. On February 19, 1981, McLamb was convicted of armed robbery and sentenced to life imprisonment as a habitual offender.[1] On direct appeal, the Mississippi Supreme Court affirmed his conviction and sentence. McLamb v. State, 410 So.2d 1318, 1320 (Miss.1982) (McLamb I). McLamb then filed a motion to vacate his sentence as a habitual offender, which the circuit court denied. And on appeal of the denial of that PCR motion, our supreme court found McLamb had been improperly sentenced to life imprisonment because neither of his two predicate convictions was a “violent” felony as required under Mississippi Code Annotated section 99-19-83 (Rev.2007). McLamb v. State, 456 So.2d 743, 746 (Miss.1984) (McLamb II). So our supreme court granted McLamb’s motion for leave to file a motion to vacate *188 his sentence as a habitual offender. Id. On May 7, 1985, the circuit court vacated McLamb’s life sentence, imposing instead a thirty-three-year sentence. On June 4, 1986, our supreme court handed down an opinion, which simply stated “AFFIRMED.” McLamb v. State, 490 So.2d 912 (Miss.1986) (McLamb III).
¶ 3. McLamb then filed a pro se emergency motion for state habeas corpus relief in the Rankin County Circuit Court. The circuit court treated this motion as a PCR motion. And since it was filed in the wrong county, the court dismissed the motion for lack of jurisdiction. McLamb appealed the dismissal of that PCR motion. McLamb v. State, 974 So.2d 935 (Miss.Ct.App.2008) (McLamb IV). In McLamb TV, we affirmed the dismissal of his PCR motion, noting it was time-barred, successive-writ barred, filed without permission of the supreme court, and filed in the wrong court. Id. at 938 (¶¶ 10-14). We also deemed McLamb’s appeal frivolous, and warned him that future bogus filings could result in sanctions. Id. at 939-40 (¶¶ 18-20).
¶ 4. McLamb has since filed at least three additional requests with our supreme court for leave to file a PCR motion, all of which have been denied by separate orders. In each order, the supreme court warned that future frivolous filings may result in sanctions.
¶ 5. On June 18, 2012, McLamb filed— without permission from our supreme court — his fourth PCR challenge to his 1981 judgment of conviction. He again argued the judgment was void because corrections were made to the listed dates of his predicate felonies in the indictment after the jury’s guilty verdict. On June 21, 2012, the circuit court entered an order, finding that the indictment issue was already raised and decided in McLamb I. See McLamb I, 410 So.2d at 1319-20. The circuit court further treated this motion as a PCR motion and dismissed it for lack of jurisdiction because McLamb failed to obtain permission from our supreme court to file the motion as required under Mississippi Code Annotated section 99-39-7 (Supp.2012).[2] Finding the dismissal was appropriate, we affirm.
¶ 6. THE JUDGMENT OF THE COA-HOMA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR.

. McLamb was previously convicted of breaking and entering and larceny in North Carolina.

. McLamb’s PCR challenge is also time-barred and subsequent-writ barred. See Miss. Code Ann. §§ 99-39-5(2) (Supp.2012) & 99-39-23(6) (Supp.2012).