KITCHENS, Justice,
dissenting:
¶ 18. Because the majority misapplies Section 41 — 29—139 of the Mississippi Code, I respectfully dissent.
.¶ 19. .Generally, when interpreting statutes, this Court, can utilize the intent of the legislature or the relevant act’s practical application to aid in our interpretation. See Thornhill v. Ford, 213 Miss. 49, 66 So.2d 23, 30 (1962) (“It is the duty of the Court to give to construing acts their practical application so far as possible, unless inconsistent with the obvious intent of the legislature or repugnant to the context of the statute.”) (citation omitted); Bd. of Educ. v. Mobile & O. R.R. Co. 72 Miss. 236, 16 So. 489, 489 (1896) (“It is familiar learning that, in the construction of stat *719 utes, courts chiefly desire to reach. and know the real intention of the framers of the law, and, reaching and .knowing it, then to adopt that interpretation which will, meet.the real m'eaning of the legislature, though such interpretation may be beyond or within, wider or narrower than, the mere letter of the enactment.”). But we cannot liberally construe or reform statutes when we interpret penal statutes. When interpreting criminal statutes, our analysis is guided "by the'rule of'lenity. The rule of lenity reflects a well-established precept “that penal statutes are to be interpreted strictly against the state and construed liberally in favor of the accused.” McLamb v. State, 456 So.2d 743, 745 (Miss.1984). The rule of lenity “reflects not merely a convenient maxim of statutory construction. Rather, it is rooted in fundamental principles of due process.” Dunn v. United States, 442 U.S. 100, 112, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979); Watts v. State, 783 So.2d 214, 240 (Miss.1999).
¶20. In this case, officers set up an arranged drug buy, searched Michael Gardner’s car, and found 54.9 grams of marijuana. Gardner was indicted for possession of more than thirty grams but less than one kilogram of marijuana with the intent to sell, under Section 41-29-139 of the Mississippi Code. Section- 41-29-139 provides:
Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.
Miss.Code Ann. § 41 — 29—139(a)(1) (Supp. 2014). The jury returned a guilty verdict. Because Gardner was, indicted and was convicted of possessing 54,9 grams of marijuana, the trial .court sentenced Gardner under the following statute:
(2) In the case of a first-offender who violates- subsection (a) of this section with an amount less than one (1) kilogram1 but more than thirty (30) grams of marijuana or synthetic cannabinoids as classified in Schedule I, -as set out in Section 41-29-113, such person' is guilty of a felony and, upon conviction, may be imprisoned for not more than five (5) years or fined not more than Thirty Thousand Dollars ($30,000.00), or both.
Miss.Code Ann. § 41-29~139(a)(2) (Supp. 2014) (emphasis added). This code section is neither vague nor ambiguous. It applies to offenders Who are in possession with the intent to sell between thirty grams and one kilogram or marijuana. Because Gardner was in possession with the intent to sell 54.9 grams of marijuana, the amount of drugs which Gardner possessed falls within this provision of the statute. This statute obviously applies only to first-time offenders. Miss.Code Ann. § 41-29-139(a)(2) (beginning with the phrase “[i]n the case of a first offender_”). Gardner, however, was not a first-time offender. He had two prior'felony convictions for transfer of a controlled substance. As such, it is apparent that- this statute does not apply to Gardner.- A review of the totality of Section 41-29-139 reveals — -and thé majority concedes — that this statute does not provide a sentence for offenders who previously were convicted' under this statutory -scheme and who had been in possession with an intent to distribute between thirty grams and one kilogram of marijuana,
¶ 21. Furthermore, the State sought to enhance Gardner’s sentence under Section 41-29-147, arguing that the court should sentence Gardner to double the prison term because he previously had committed a drug-related crime. Section 41-29-147 *720 provides: “Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both,” Miss.Code Ann. § 41-29-147 (Rev.2013). The State’s interpretation of these statutes is nonsensical. The- State, in essence, is attempting to take a statutory penalty which .applies only to first-time offenders and multiply it by two, because Gardner was a subsequent offender. The statute upon which the State relies for sentencing Gardner, Section 41 — 29—139(a)(2), does not provide a sentence for this case, because it applies only to first-time offenders, and Gardner is a subsequent offender. Thus, Section 41-29-147 is inapplicable to Gardner because no sentence under Section 41-29-139(a)(2) is “otherwise authorized” for the purpose of sentencing him.
¶ 22. The majority, without citation to precedent, seeks to adopt the State’s interr pretation and embrace this statutory non sequitur by holding that, “in this case, the term ‘otherwise authorized’ is the penalty otherwise authorized for the amount of drugs at issue.” Maj. Op. ¶ 14. The rule, of lenity requires that we resolve all statutory ambiguities in favor of the accused. See McLamb, 456 So.2d at 745. This presumes that there is an ambiguity in the criminal statute. Here, the statute is .unambiguous in that Section 41 — 29—139(a)(2) does not apply to • Gardner because he is not a first-time offender. Miss.Code Ann. § 41 — 29—139(a)(2) (beginning with the phrase “[i]n the case of a first, offend-er_”). .The majority overlooks an element of the sentencing statute. . If the rule of lenity prohibits the Court from construing statutory ambiguities in favor of the State, it surely prevents our reforming unambiguous statutes for the purpose of disadvantaging criminal defendants. Although the legislature does not always choose language we like, -it cannot be the role of this Court to repair the terminology chosen by the legislature in criminal statutes.
¶23, For Gardner to be sentenced properly, the Court must apply' a sentenc-' ing statute under whichever element applies to the relevant criminal behavior. This easily is discovered by applying the sentencing provision for the lesser offense of simple possession of marijuana. Section 41-29-139(c) provides:
It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized.by this article.
Miss.Code- Ann. § 41-29-139(c) (Supp. 2014), A violation of this code section, which is a lesser-included offense of the felony of which Gardner was convicted, possession with the intent to sell, can be punished as follows: “may be fined not more than One Thousand Dollars ($1,000.00), or confined in the county jail for not more than one (1) year, or both; or fined not more than Three Thousand Dollars ($3,000.00), or imprisoned in the State Penitentiary for not more than three (3) years, or both.”,[5]. Miss.Code Ann.. §. 41-29-139(c)(2)(C) (Supp.2014). Moreover, because Gardner previously has been convicted of a drug-related felony, Section 41-29-147 properly may be applied to this *721 code section for the purpose of sentencing Gardner to six years of incarceration.
¶ 24. In sum, because the majority undertakes to reform-an unambiguous statute for the purpose of disadvantaging a criminal defendant, I respectfully dissent,
KING, J, JOINS THlS'OPINlON.

. This code section applies to the possession of "marijuana or synthetic cannabinoids” in the amounts of “[m]ore than thirty (30) grams but less than two hundred fifty (250) grams/’ Miss.Code Ann. § 41-29-139(c)(2)(C) (Supp. 2014).