WALKER, Justice,
for the Court:
Darnell Bumphis was convicted on December 11, 1980, on two counts of aggravated assault in Lee County Circuit Court and sentenced to serve seven years on each count to run concurrently in the State Department of Corrections. He has been confined in the Lee County jail since that time. Bail has been set at $3,000.00
On May 22, 1981, Bumphis petitioned the Lee County Circuit Court, accompanied by an affidavit of indigency, for a writ of habeas corpus seeking release on his personal recognizance. The petition alleged:
(1) Bumphis had been found to be an indigent at his preliminary hearing;
(2) Bumphis has no property of value except for “a part interest in a non-registered dog located somewhere in Lee County;”
(3) Prior to trial, Bumphis was released on a $1,000.00 bond and made all appearances in the circuit court as required; and
(4) He had family ties in Lee County.
Bumphis contends the court erred by not permitting him a hearing at which he could put on evidence in support of his petition.
*118 Mississippi Code Annotated section 99-35-115 (1972) states in part:
A person convicted of any felony other than those enumerated in the foregoing paragraph [treason, murder, rape, arson, burglary or robbery] shall be entitled to be released from imprisonment on bail pending an appeal to the supreme court.
Under this statute, Bumphis, who was convicted of aggravated assault, was entitled to be released from imprisonment on bail pending his appeal to the Supreme Court.
In Lee v. Lawson, 375 So.2d 1019 (Miss. 1979), this Court suggested certain criteria to be applied in determining the amount of bail, if any, that should be required as a prerequisite to a defendant’s release while awaiting trial. Those are:
(1) The length of his residence in the community;
(2) His employment status and history and his financial condition;
(3) His reputation, character and mental condition;
(4) His reputation, character and mental condition;
(5) His prior criminal record, including any record of prior release on recognizance or on bail;
(6) The identity of responsible members of the community who would vouch for defendant’s reliability;
(7) The nature of the offense charged and the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of non-appearance; and
(8) Any other factors indicating the defendant’s ties to the community or bearing on the risk of willful failure to appear. (375 So.2d at 1024).
In cases such as this where bail after conviction is a matter of right, the criteria for fixing bail are the same as the eight enumerated in Lee v. Lawson, supra, plus consideration of the sentence imposed and any relevant evidence adduced at trial which has a bearing on the issue.
A petitioner should state with particularity, in his petition, the favorable factors upon which he relies when seeking a reduction of bail, release on minimal bail or personal recognizance.
If the petition fails to state sufficient facts which would justify the relief sought, the court may deny the petition and dismiss it without a hearing, endorsing thereon his reasons for denying same.
If the petition states sufficient facts warranting relief, a hearing should be held to allow petitioner to prove his allegations and to allow the state to put on such proof as might be relevant to the question.
At the hearing, it is incumbent upon the petitioner to present evidence with respect to factors favorable to his release.
The court should take notice of any factors favorable or unfavorable which are a matter of court record.
At the conclusion of the hearing, the court should make a record of its findings and reasons for whatever order is entered.
We have carefully considered the record in this case, and, conceding that the defendant is indigent, has family ties in Clay County, and made all court appearances prior to conviction while under $1,000.00 bail, this would not be sufficient to justify this Court holding that the trial judge was manifestly wrong in not reducing the defendant’s bail below $3,000.00 or releasing the defendant on his own recognizance, where the defendant has been convicted of two charges of aggravated assault, crimes of violence, and sentenced to concurrent terms of seven years.
The judgment of the trial court in denying and dismissing, without a hearing, the petition is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.