ON PETITION FOR REDUCTION OF BAIL
ROY NOBLE LEE, Presiding Justice,
for the Court:
This matter is before the Court on a Petition for Reduction of Bail by Phillip Shook, who was convicted in the Circuit Court of Tate County, Mississippi, on two counts of aggravated assault and shooting into a dwelling house. We consider the petition pursuant to Mississippi Code Annotated § 99-35-115 (1972) and Rule 7.02 of the Uniform Criminal Rules of Circuit Court Practice.
Petitioner was sentenced to twenty (20) years for aggravated assault upon Cathy Thaggard and ten (10) years for shooting into a dwelling house, the sentences to run consecutively. The trial judge fixed bail, pending appeal, at $100,000.
*1387 Prior to trial, the lower court set the bail bond at $100,000, which was later reduced to $50,000 under Rule 1.06, Uniform Criminal Rules of Circuit Court Practice. Petitioner contends that his bond should now follow that rule and should be the same as before conviction. The contention is not well taken. Rule 1.06 provides in part:
Excessive bail shall not be required, and all persons shall, before conviction, be, in the discretion of the trial judge, bailable as provided in this rule except for offenses punishable by death when the proof is evident or presumption great.
Rule 7.02, in part, provides the following:
A convicted defendant shall be entitled to be admitted to bail, pending an appeal in all cases except those in which the defendant has been sentenced to suffer death, or imprisonment for life. Where the defendant has been convicted of treason, murder, rape, arson, burglary or robbery, the granting of bail is within the discretion of the trial judge or other members of the judiciary as prescribed by Miss.Code Ann. § 99-35-115 (1972).
The amount of bail shall be determined by the trial court or by any member of the judiciary as prescribed by Miss.Code Ann. § 99-35-115 (1972).
In Bumphis v. State, 405 So.2d 116 (Miss.1981), which involved reduction of bail pending appeal to this Court, quoting from Lee v. Lawson, 375 So.2d 1019 (Miss. 1979), the Court reaffirmed certain criteria to be applied in determining the amount of bail that should be required as a prerequisite to the defendant’s release. We again set them forth:
(1) The length of his residence in the community;
(2) His employment status and history and his financial condition;
(3) His family ties and relationships;
(4) His reputation, character and mental condition;
(5) His prior criminal record, including any record of prior release on recognizance or on bail;
(6) The identity of responsible members of the community who would vouch for defendant’s reliability;
(7) The nature of the offense charged and the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of non-appearance; and
(8) Any other factors indicating the defendant’s ties to the community or bearing on the risk of willful failure to appear.
375 So.2d at 1024.
In Bumphis, the Court held that bond would not be reduced unless the trial judge was found to be manifestly wrong in not reducing the bond.
The purpose of a bail (recognizance) bond is to insure that the defendant will appear before the court when required by the judgment to do so. In addition to the criteria set forth hereinabove, courts must consider the gravamen of the offense, the sentence(s) imposed, and the fact that the trial judge observed the defendant during trial, after conviction, and during sentencing. The judgment of conviction in the lower court is presumed valid until overturned by this Court. Petitioner faces a 30-year sentence in the custody of the Mississippi Department of Corrections. The record reflects that the young victim broke off her engagement to petitioner; that, as a result, he shot a minimum of twenty-five (25) bullets from a “mini-14” semi-automatic rifle into the home of the young lady, while she was sleeping; that she survived her wounds but, as a result of them, her left arm and leg were amputated, and she suffered the loss of use of her right elbow and shoulder; that bullets from his rifle also entered the bedroom of the victim’s sleeping parents; and, at sentencing, the trial judge stated that Shook was one of the most dangerous criminal defendants he had ever witnessed.
We have thoroughly read and considered all the record before us, and we cannot say that the trial judge was manifestly wrong in fixing petitioner’s bail bond at $100,000.
*1388 Therefore, the relief sought in the petition is denied and the petition is dismissed.
PETITION DISMISSED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.