KING, C.J.,
for the Court.
¶ 1. John Koger was convicted of possession of a firearm by a previously convicted felon in the Circuit Court of Lowndes County, Mississippi. He was sentenced as an habitual offender to a term of life imprisonment without the possibility of parole in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Koger raises the following issues which we quote verbatim:
I. The verdict is against the overwhelming weight of the evidence.
II. Is manslaughter a crime of violence for purposes of Miss.Code Ann. § 99-19-83?
III. The sentence imposed on the defendant is disproportional to the crime of which he was convicted.
FACTS
¶ 2. On December 18, 1997, a confidential informant worked with Officers Frank Baker and Steve Hatcher, of the narcotics division of the Lowndes County Sheriffs Department, in a “buy-bust operation.” The officers and the confidential informant went to the residence of John and Pearline Koger in Crawford, Mississippi. The officers executed a search warrant on Koger’s residence.
¶ 3. Upon arriving at the residence, the confidential informant, who was wired, went in to Koger’s residence to purchase narcotics. Once the confidential informant signaled the officers that the purchase had occurred, the officers entered the home and began to search the residence. At that time, Koger asked to speak with Hatcher and Baker in his bedroom.
*1060 ¶ 4. Officer Baker read Koger his Miranda rights. Thereafter, Koger waived his Miranda rights and spoke with the officers regarding the narcotics. Following the conversation, Officer Baker asked Koger if there was “anything else in the house they needed to know about?” Ko-ger indicated that there was nothing.
¶ 5. Upon searching Koger’s bedroom, the officers found two guns described as hunting guns. As Officer Baker continued to search, he entered the closet, and removed an access panel to the water heater. There, he noticed a white towel on top of the heater. He picked up the towel and found a Rossi .357 revolver. Both Koger and his wife kept clothes in the closet where the weapon was located.
¶ 6. Koger testified that a person named “Jessie” asked him if he could leave the gun at his house. Koger indicated that he did not know the gun was on top of the water heater but that he gave the individual permission to leave the gun at his house. Koger also stated that he did not think the gun would be considered as “in his possession.”
¶ 7. Koger’s wife, Pearline, testified that she put the gun on top of the water heater and that she never saw her husband with the gun nor did she tell him where the gun was located.
¶ 8. In rebuttal, Officer Baker stated that when he asked Koger’s wife who the gun belonged to, “she said it belonged to John her husband. She said that John had traded it for some crack cocaine to a gentleman on Sugar Hill Street there in Crawford sometime prior to the execution of the search warrant.”
¶ 9. After a jury trial on November 20 and 21, 2003, Koger was found guilty of possession of a firearm by a previously convicted felon.
ISSUES AND ANALYSIS
I.
Whether the verdict was against the overwhelming weight of the evidence.
¶ 10. Koger contends that the verdict was against the weight of the evidence. He argues that there was a lack of evidence to support the inference that he had knowledge of and access to the gun. Koger maintains that the only direct evidence was provided by the testimony of his wife who stated that she took the gun from a friend (Jessie) and without Koger’s knowledge placed the gun in the water heater closet.
¶ 11. In testing the weight of the evidence, this Court “must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial.” Isaac v. State, 645 So.2d 903, 907 (Miss.1994).
¶ 12. Koger relies on U.S. v. Mills, 29 F.3d 545, 549 (10th Cir.1994) which states that “A person has constructive possession when he or she knowingly holds ownership, dominion, or control over the object and the premises where it is found.” Ko-ger alleges that the State failed to establish that he was in constructive possession of the gun and failed to show that he had direct possession of the gun.
¶ 13. To establish possession of a firearm by a previously convicted felon pursuant to Mississippi Code Annotated Section 97-37-5(1) (Rev.2000), the State must show that Koger (1) has been convicted of a felony under the laws of this jurisdiction, any other state, or the United States, and (2) that Koger possessed a firearm.
¶ 14. The State presented a “pen pac” which revealed that Koger had been previously convicted of grand larceny and pled *1061 guilty to manslaughter at different times. The State also presented the testimony of Officer Baker who stated that Koger was aware that he could not possess a gun due to being a previously convicted felon. The gun was located in the bedroom occupied by Koger and his wife.
¶ 15. Koger testified that “Jessie” asked him if he could leave the gun at his house and he gave Jessie permission to do so.
¶ 16. Koger’s admission that he had given Jessie permission to leave the gun at his house, and the fact that the gun was found hidden behind the wall in Ko-ger’s bedroom closet, were sufficient to properly raise questions of fact and credibility. Issues of fact and credibility are to be resolved by the jury. Higgins v. State, 725 So.2d 220(1129) (Miss.1998). Where the jury’s resolution of fact finds substantial support in the record, this Court is bound by that finding. Id. at (¶ 35).
¶ 17. Having viewed the record, this Court finds that the verdict is supported by substantial evidence.
II.
Is manslaughter considered a crime of violence for purposes of Mississippi Code Annotated Section 99-19-83 (Rev. 2000)?
¶ 18. Koger was sentenced as an habitual offender pursuant to Mississippi Code Annotated Section 99-19-83 (Rev. 2000). Under this statute, the State must show that Koger had been convicted of two prior felonies, one being a crime of violence, and that Koger had served two separate sentences of one year or more in a state or federal penal institution. Id.
¶ 19. The State presented a “pen pac” which reflected that Koger had been previously convicted of grand larceny in 1969 and had served more than one year for the conviction. The State also presented evidence during its motion to amend the indictment to reflect habitual offender status which showed that Koger pled guilty to the charge of manslaughter in 1971 and had served more than one year for the conviction. In the pen pac, the statement given by Koger surrounding the circumstances leading to the manslaughter charge says that he tried to stop a fight by shooting his gun, the bullet went through a door, and hit and killed his friend.
¶ 20. Section 99-19-83 does not include a list of the crimes considered as violent. However, we note that the legislature, in determining eligibility for pretrial intervention programs in Mississippi Code Annotated Section 99-15-107 (Rev.2000), has defined manslaughter as a crime of violence. We therefore find it appropriate to consider those designations in the application of Section 99-19-83.
¶ 21. In King v. State, 527 So.2d 641, 646 (Miss.1988), the supreme court noted that it had previously cited language “from numerous other jurisdictions holding that violence is synonymous with ‘force,’ and neither requires actual harm, damages or pain. Certainly, force would include robbery by display of a deadly weapon. We hold that armed robbery is a crime of violence per se, and thus his sentence as an habitual offender under Miss.Code Ann. § 99-19-83 is appropriate.”
¶ 22. This Court finds that manslaughter is likewise considered a “crime of violence.”
III.
Whether the sentence imposed is disproportionate to the crime.
¶ 23. Koger contends that his sentence was disproportionate to the crime and constitutes cruel and inhuman treat *1062 ment in violation of his constitutional rights. The record does not reflect that this matter was presented to the trial court for resolution, either by objection during sentencing or by motion for new trial. Because this issue was not presented to the trial court, it is therefore.procedurally barred. Smith v. State, 729 So.2d 1191 (¶¶ 172, 173) (Miss.1998). “A defendant must object to the length of his sentence at trial for us to review it on appeal.” Wright v. State, 856 So.2d 341(¶ 7) (Miss.Ct.App.2003).
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF POSSESSION OF A FIREARM BY A PREVIOUSLY CONVICTED FELON AND SENTENCE OF LIFE IMPRISONMENT WITHOUT PAROLE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ' ARE ASSESSED TO LOWNDES COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ.