MYERS, J.,
for the Court:
¶ 1. Mark Kee Brown was convicted in the Harrison County Circuit Court of felony escape. The circuit court sentenced Brown as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007) to life in the custody of the Mississippi Department of Corrections (MDOC) without eligibility for probation or parole. Brown presents one issue on appeal: whether a prior conviction for “burglary of a dwelling” constitutes a “crime of violence” within the meaning of section 99-19-83.
FACTS
¶2. In July 2005, Brown was arrested by the Harrison County Sheriff’s Department pursuant to a felony arrest warrant and placed into the Harrison County Adult Detention Center. Brown remained confined in the detention center awaiting trial until the early morning hours of January 27, 2008, at which time he and three other inmates escaped from the facility. Sheriffs deputies apprehended Brown two days later inside a “FEMA trailer” located in the front yard of a residence in Gulfport, Mississippi. Brown was arrested and indicted for felony escape as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007).[1]
¶ 3. The State thereafter filed a motion in the circuit court seeking to amend the habitual-offender portion of Brown’s indictment so as to charge Brown as a habitual offender under section 99-19-83 based on the claim that “burglary of a dwelling” constitutes a “crime of violence” for purposes of section 99-19-83. A hearing was held on the motion, after which the circuit court entered an order amending the indictment to reflect Brown’s habitual-offender status under section 99-19-83.
¶ 4. A jury later found Brown guilty of felony escape. At sentencing, the State presented Brown’s “pen packs” from the MDOC as evidence of Brown’s criminal history. The circuit court adjudged Brown a habitual offender under section 99-19-83 and sentenced Brown to life without eligibility for probation or parole. This appeal followed.
DISCUSSION
Whether “burglary of a dwelling” is considered a “crime of violence” for purposes of section 99-19-83.
¶ 5. Section 99-19-83 imposes a life sentence upon a habitual offender *1132 when one or more of at least two prior felony convictions is for a crime of violence. McLamb v. State, 456 So.2d 743, 744 (Miss.1984). Section 99-19-83 does not define the meaning of the term “crime of violence.” Davis v. State, 680 So.2d 848, 851 (Miss.1996). Nor does it identify such crimes. Roger v. State, 919 So.2d 1058, 1061 (¶ 20) (Miss.Ct.App.2005). Thus, our courts have had to look elsewhere when determining whether a particular felony offense constitutes a crime of violence for purposes of section 99-19-83.
¶ 6. In Roger, this Court answered in the affirmative when asked whether manslaughter constitutes a crime of violence under section 99-19-83. Koger, 919 So.2d at 1061 (¶¶ 20-22). In reaching our conclusion, we construed section 99-19-83 with Mississippi Code Annotated section 99-15-107 (Rev.2007), which governs a person’s eligibility in pretrial intervention programs. Id. at (¶ 20). We noted that section 99-15-107 defines manslaughter as a crime of violence, and we found it appropriate to consider the crimes of violence designations identified in section 99-15-107 when applying section 99-19-83. Id. Section 99-15-107 states, in pertinent part, “intervention [shall not] be considered for those individuals charged with any crime of violence including, but not limited to murder, aggravated assault, rape, armed robbery, manslaughter or burglary of a dwelling house.”[2]
¶ 7. In Davis, the Mississippi Supreme Court held that the offense “aggravated assault” constitutes a crime of violence under section 99-19-83, stating first that the court had already “tagged” it as a crime of violence in the consideration of whether bail should be allowed. Davis, 680 So.2d at 851 (citing Bumphis v. State, 405 So.2d 116, 118 (Miss.1981)). The Davis court then pointed to the federal sentencing guidelines, noting that:
Federal sentencing guidelines further define “crime of violence” as “any offense under federal or state law punishable by imprisonment for a term exceeding one year ... [that] has as an element the use, attempted use, or threatened use of physical force against the person of another” and include within that definition “murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.”
Id. (quoting United States v. Fry, 51 F.3d 543, 546 (5th Cir.1995)) (emphasis added). We point out that the Fry court was interpreting U.S.S.G. § 4B1.2(a)(2), which actually defines crime of violence in the federal sentencing guidelines as:
any offense under federal or state law punishable by imprisonment for a term exceeding one year that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
Fry, 51 F.3d at 546.
¶ 8. On appeal, both parties agree that neither this Court nor the Mississippi Supreme Court has squarely addressed the question now before us. Brown acknowledges that section 99-15-107 and the federal sentencing guidelines consider burgla *1133 ry of a dwelling a crime of violence, but he reiterates that our courts have not held this to be the case for purposes of section 99-19-88. Brown contends that our courts have had the occasion to answer the question a number of times, yet they have declined to do so — implying this is because these courts did not view burglary of dwelling as a crime of violence.[3] Brown further contends that other Mississippi cases suggest that burglary of a dwelling is not a crime of violence.[4] Brown submits that a definitive ruling by this Court holding that this particular offense is not crime of violence would be consistent with the Legislature’s designation of the crime as a crime against property, as opposed to a crime against the person.
¶ 9. The State responds that while there have been cases where a reviewing court may have had the occasion to consider whether the subject offense constitutes a crime of violence for purposes of 99-19-83, the question was never reached because other prior convictions in the case made the issue vis-a-vis burglary of dwelling unnecessary to consider. The State further contends that to the extent any of the decisions cited by Brown might suggest that burglary of a dwelling is not a crime of violence (the State maintains that none actually do), their utility for Brown is undermined by Koger, as well as Davis.
¶ 10. At the outset, we draw no implication(s) whatever from the fact that prior courts, though they might have had the occasion to do so, did not address this particular question. Review of the cases cited by Brown where a sentence under section 99-19-83 was upheld on appeal do indeed show that it was unnecessary for the reviewing court to determine whether burglary of dwelling constituted a crime of violence. Thus, we agree with the State on this point.
¶ 11. As to Brown’s contention that other opinions have suggested that burglary of a dwelling is not a crime of violence, we find that none of these cases answer the question.
*1134 ¶ 12. In Kirkwood, for example, the question was limited to whether the trial court had committed reversible error by allowing a criminal defendant to testify about his prior convictions; section 99-19-83 was not at issue. Kirkwood, 53 So.3d at 16-23 (¶¶ 25-50). In Raybom, the defendant appealed his conviction for burglary of dwelling; we responded to the defendant’s assertion that since the homeowner who saw the defendant in her home at the time of the burglary did not immediately call the police, no burglary had been committed; section 99-19-83 was not at issue. Rayborn, 961 So.2d at 73 (¶ 11). In Jones, this Court expressly held that auto burglary was not a crime of violence, but we did not speak to whether burglary of a dwelling was a crime of violence. Jones, 878 So.2d at 256 (¶ 11). And in McLamb, the supreme court implicitly held that the crime “breaking and entering” did not constitute a crime of violence for purposes of section 99-19-83. But the McLamb court gave no indication at all that this particular prior offense constituted burglary of dwelling.[5] Accordingly, we consider the matter before us as one of first impression.
¶ 13. In the early part of this state’s history, only common-law burglary, with its narrowly defined elements,[6] was recognized, and it was treated as a capital crime.[7] As Professor Wayne LaFave explains, common-law burglary “was a heinous offense because of its invasion of [man’s right of habitation], which each man could punish with death and which, in a civilized society, the law would punish similarly.” 2 Wayne R. LaFave, Substantive Criminal Law § 21.1(c) at 212 (2d ed.2003) (citing 4 W. Blackstone, Commentaries on the Laws of England *223).
¶ 14. In 1839, the Mississippi Legislature lessened the penalty for burglary from capital punishment to confinement in the penitentiary, “for a longer or shorter period, according to the degree [of burglary] committed.” Thomas v. State, 6 Miss. (5 Howard) 20 (1840). What previously would have been regarded as common-law burglary, for the most part, became burglary in the second degree under the 1839 *1135 Act, and it carried a sentence of not more than ten years in the penitentiary. See Hutchinson’s Mississippi Code 1798-1848, Ch. 64, p. 962-63.[8] It was considered first-degree burglary if a person was inside the dwelling at the time of the offense, and punishment for this aggravating factor was confinement in the state penitentiary for no less than ten years. Id. This was a departure from the common law’s definition of burglary, as there was no requirement that the dwelling be occupied under the common law.[9] Burglary of a non-dwelling was considered burglary in the third degree, as was burglary of a non-occupied dwelling in the daytime; punishment for third-degree burglary was imprisonment for a term not to exceed five years. Id.
¶ 15. The 1839 statutory framework for burglary was carried forward to present day with some changes along the way, one of which was the cessation of classifying the different types of burglary in terms of degree(s). Another, was that burglary of a non-occupied dwelling in the daytime became treated as severely as burglary of a non-occupied dwelling in the nighttime. See Miss. Rev.Code Ch. 64, Art. 44, p. 580 (1857). A significant change occurred in 1996, when the Legislature repealed Mississippi Code Annotated section 97-17-19 (burglary of an unoccupied dwelling in the day or night); section 97-17-21 (burglary of an occupied dwelling in the day or night); and section 97-17-27 (burglary of an inner door of a dwelling in the nighttime), and combined them into what is now Mississippi Code Annotated section 97-17-23 (Supp.2010). 1996 Miss. Laws ch. 519, § 1. According to the record, Brown was convicted of burglary of a dwelling under former section 97-17-19.
¶ 16. Former section 97-17-23 covered the act of breaking and entering into an occupied dwelling of another, with a deadly weapon, in the nighttime, with the intent to commit a crime therein. Section 97-17-23 “now provides for penitentiary imprisonment of not less than three years, nor more than twenty-five years, for burglary of a dwelling [or inner door therein], regardless of whether the burglar is armed ■with a deadly weapon, whether the dwelling is inhabited or not, and whether the burglary occurred during the daytime or nighttime.” Johnson v. State, 925 So.2d 86, 98 n. 8 (Miss.2006).
¶ 17. Speaking to section 99-19-83, the Mississippi Supreme Court in McQueen v. State, 473 So.2d 971, 972 (Miss.1985), addressed whether the term “crime of violence” as used in that section was unconstitutionally vague. Dismissing the void-for-vagueness claim, the McQueen court cited language from numerous jurisdictions; we restate that discussion here in part:
In Robinson v. State, 149 S.W. 186[, 187] (Tex.1912), the Court of Criminal Appeals of Texas stated, “violence is a general term and includes all sorts of force.” In Anderson-Berney Bldg. v. Lowry, 143 S.W.2d 401, 403 (Tex.Civ.App.1940), the court stated:
“Violence” is force, physical force; force unlawfully exercised. Bouvier in his Law Dictionary, 2 Bouvier Law *1136 Dictionary, Rawle’s 3rd Rev., p. 3402, defines “violence” as: “The abuse of force. That force which is employed against common right, against the laws, and against public liberty.”
In the case of Boecker v. Aetna Casualty & Surety Co., 281 S.W.2d 561, 564 (Mo.Ct.App.1955), the court stated:
“Violence” is a relative term. No particular degree of force is required to constitute violence. Violence is broadly defined in Webster’s New International Dictionary, 2nd ed., as “the exertion of any physical force considered with reference to its effect on another than the agent.” It is not necessary that the impact be of sufficient force to inflict damage.
[[Image here]]
In Landry v. Daley, 280 F.Supp. 938[, 954] (1968), the Court stated:
The words “force” and “violence” are not so obscure as to fail to advise the public of the prohibitive conduct. In common parlance, force means “power, violence, compulsion, or constraint exerted upon or against a person or thing.” The word “violence” imparts a similar meaning. It means “the exertion of any physical force so as to injury or abuse.” “Force[,]” “violence[,]” “compulsion[,]” “constraint[,]” and “restraint” convey a similar idea of the exertion of power against the will, wish or consent of another. Given a reasonable and natural construction, these terms connote either physical attack upon person or property or physical aggression reasonably capable of inspiring fear or injury or harm to a person or property-
Id. at 972-93.
¶ 18. The act of breaking, by definition, connotes force, which, as stated above, is synonymous with violence. See, e.g., Koger, 919 So.2d at 1061 (¶ 21) (“violence is synonymous with force”). McLamb and Jones, however, both imply that the force and/or violence generally associated with the act of burglarious breaking does not, in and of itself, fall within the reach of section 99-19-83, at least not per se. This make sense from the standpoint that most burglaries typically are viewed as property crimes and that the contemplated purpose behind section 99-19-83, clearly, is the protection of public safety, not property.
¶ 19. But burglary of a dwelling, traditionally, is not regarded as a crime against property in Mississippi. In Robinson v. State, 364 So.2d 1131, 1133 (Miss.1978), the Mississippi Supreme Court distinguished between burglary of a dwelling and burglary of a non-dwelling, noting that: “At common law, burglary was considered to be an offense against habitation rather than against property[;] what was sought to be protected was the peace of mind and security of the residents, rather than the property.” (Quoting 85 A.L.R. 428 (1933)). To constitute a dwelling, the building must be “a place of human abode.” Id. The Mississippi Supreme Court reiterated this view in Course v. State, 469 So.2d 80, 81 (Miss.1985).
¶ 20. In Taylor v. United States, 495 U.S. 575, 598-99, 110 S.Ct. 2143, the United States Supreme Court spoke to 18 U.S.C. § 924(e) (1986), which provides sentencing enhancement for violent felonies, and it defines the term as:
any crime punishable by imprisonment for [more than] one year ... that [ ](i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
*1137 The Taylor Court made the following observation with respect to the danger associated with burglary:
Congress singled out burglary (as opposed to other frequently committed property crimes such as larceny and auto theft) ... because of its inherent potential harm to persons. The fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate. And the offender’s own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape.
Id. at 588,110 S.Ct. 2143.
¶ 21. Taylor makes no distinction between burglary of a dwelling and burglary of a non-dwelling. Mississippi does for the reasons expressed in Robinson and Course.
¶ 22. As mentioned, section 99-15-107 identifies burglary of a dwelling as a crime of violence, and we again find it appropriate to rely on this section in the application of section 99-19-83. Because a dwelling is a place of human abode, there is a significant prospect of violence presented by every burglary of a dwelling, which, in our opinion, makes this offense a per se crime of violence under section 99-19-83.
¶ 23. Accordingly, we find that burglary of a dwelling constitutes a crime of violence under section 99-19-83. And we affirm Brown’s conviction and sentence as entered by the Harrison County Circuit Court.
¶ 24. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF FELONY ESCAPE AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PROBATION OR PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE AND MAXWELL, JJ., CONCUR. CARLTON, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, C.J., BARNES AND ISHEE, JJ. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, P.J. RUSSELL, J., NOT PARTICIPATING.

. The habitual-offender portion of Brown’s indictment listed the following prior convictions, which we summarize: (1) Burglary of a Dwelling (two counts), convicted and sentenced on May 14, 1996, in the Harrison County Circuit Court — ten-year sentence for each count; (2) Felony Possession of a Controlled Substance, convicted and sentenced on May 14, 1996, in the Harrison County Circuit Court — three-year sentence; (3) Grand Larceny, convicted and sentenced on May 14, 1996, in the Harrison County Circuit Court — five-year sentence; (4) Felony Possession of a Controlled Substance, convicted and sentenced on June 29, 2001, in the Harrison County Circuit Court — three-year sentence; and (5) Felony Escape, convicted and sentenced on June 29, 2001, in the Harrison County Circuit Court— two-and-one-half-year sentence.

. Section 99-15-107 was enacted in 1983 with a repealer; the repealer was repealed in 1987. See Editor’s Note Miss.Code Ann. § 99-15-107: "SECTION 15. Chapter 445, Laws of 1983, which repeals the ‘Pretrial Intervention Act’ effective July 1, 1987, is hereby repealed.”

. The following opinions are taken from Brown’s brief on appeal: Magee v. State, 542 So.2d 228, 235 (Miss.1989) (prior convictions for “house burglary” and robbery — the Mississippi Supreme Court deemed robbery a crime of violence); Ashley v. State, 538 So.2d 1181, 1184-85 (Miss.1989) (prior convictions consisted of numerous burglaries and attempted robbery — the supreme court identified attempted robbery as a crime of violence); Brown v. State, 37 So.3d 1205, 1217 (¶ 35) (Miss.Ct.App.2009) (prior convictions for armed robbery and burglary of a dwelling — this Court found armed robbery a crime of violence); Bradley v. State, 934 So.2d 1018, 1028 (¶ 37) (Miss.Ct.App.2005) (prior convictions for aggravated assault and burglary— this Court deemed aggravated assault a crime of violence); Cook v. State, 910 So.2d 745, 746 (¶ 3) (Miss.Ct.App.2005) (priors included burglary of a dwelling and simple assault on a law-enforcement officer — this Court stated that simple assault on a law-enforcement officer was a crime of violence under section 99-19-83).

. According to Brown, the following statements and rulings from prior cases, although not definitive, suggest that burglary or burglary of a dwelling are not crimes of violence: McLamb, 456 So.2d at 746 ("breaking and entering” and larceny are not crimes of violence for purposes of section 99-19-83); Kirkwood v. State, 53 So.3d 7, 23 (¶ 50) (Miss.Ct.App.2010), overruled in part on other grounds, ("Kirkwood’s crimes [burglary of a dwelling, fleeing or eluding a law enforcement officer in a motor vehicle, possession of a firearm by a convicted felon, and grand larceny] were not particularly grave — they were not crimes of violence against individuals.”); Rayborn v. State, 961 So.2d 70, 73 (¶11) (Miss.Ct.App.2007) ("burglary is a crime against property and not a person”); Jones v. State, 878 So.2d 254, 256 (¶ 11) (Miss.Ct.App.2004) ("neither ... grand larceny [nor] ... auto burglary ... are crimes of violence”).

.James McLamb was convicted in 1981 for armed robbery and sentenced to life as a habitual offender under section 99-19-83, based on two prior felony convictions for "larceny” and "breaking and entering.” McLamb, 456 So.2d at 744 (McLamb II); see also McLamb v. State, 974 So.2d 935, 936 (¶ 2) (Miss.Ct.App.2008) (McLamb V) (providing the date of McLamb’s armed-robbery conviction). McLamb's armed-robbery conviction was upheld on direct appeal by the supreme court in McLamb v. State, 410 So.2d 1318, 1319-20 (Miss.1982) (McLamb I). McLamb thereafter filed a collateral action with the supreme court, in which he challenged his life sentence based on the claim that his sentence was illegal under section 99-19-83 because the only crime of violence in his record was his 1981 armed-robbery conviction. McLamb, 456 So.2d at 744. A divided supreme court agreed with McLamb, and the majority held that for purposes of section 99-19-83, one of the prior felony convictions other than the immediate felony conviction had to be a crime of violence. Id. at 746. Absent from the McLamb II court’s holding is any mention as to what McLamb’s "breaking and entering" conviction entailed. Review of the record in McLamb V, which contains information pertaining to McLamb's convictions preceding his 1981 armed-robbery conviction, reveals only that McLamb was convicted in 1962 in the State of North Carolina for the crime "breaking and entering,” for which he received a three-to five-year sentence.

. "Burglary was defined by the common law to be the breaking and entering of the dwelling house of another in the nighttime with the intent to commit a felony.” 2 Wayne R. La-Fave, Substantive Criminal Law § 21.1, at 205 (2d ed.2003).

. See Poindexter’s Code of 1822, ch. 54, § 15, p. 298: "Every person who shall commit the crime of burglary, and be thereof convicted, shall suffer death.”

. Note, the 1839 Act departed from the common law’s definition of burglary by replacing the term “felony” with the term "crime” in its definition of burglary. The Act defined the term "crime" to mean, "any offense for which any criminal punishment may by law be inflicted.” Hutchinson’s Mississippi Code 1798-1848, Ch. 64, p. 983.

. See Taylor v. United States, 495 U.S. 575, 594, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (where the United States Supreme Court noted that common-law burglary did “not require ... that the dwelling be occupied at the time of the crime”).