IRVING, P.J.,
for the Court:
¶ 1. This appeal arises from the Panola County Circuit Court’s denial of Marion Strickland’s petition for a writ of habeas corpus, seeking a reduction in bail originally set by the Panola County Justice Court. At the time that he filed his petition, Strickland was imprisoned in the Panola County jail under the supervision and control of Dennis Darby, Sheriff of Panola County, Mississippi. Strickland alleges that the circuit court erred in denying his petition because the amount of bail and the restrictions on his release are both unreasonable and excessive. Finding no error with the circuit court’s judgment, we affirm.
FACTS
¶ 2. Strickland was arrested and charged with enticing a child pursuant to Mississippi Code Annotated section 97-5-33(7) (Supp.2013). The charge against Strickland emerges from Strickland’s requesting and receiving a picture of a fourteen-year-old student’s erect penis. The Panola County Justice Court originally set Strickland’s bail at $500,000, but later reduced it to $100,000 and placed the following restrictions on his release from jail: (1) 3 p.m. to 7 a.m. curfew at Strickland’s *236 legal address; (2) no use of electronic devices capable of receiving or sending text messages; (B) no use of electronic devices capable of receiving or sending e-mails; and (4) no use of electronic devices capable of receiving or sending -visual images, -with the exception of televisions. Strickland filed a petition for a writ of habeas corpus in the circuit court, alleging that the amount of the bail and the restrictions on his release were a violation of his right to reasonable bail.
¶ 3. The circuit court held a hearing on the petition. Strickland’s father, Marion Brown, testified that the Strickland family raised money to contribute to Strickland’s bail, but could only afford the bail fee for a bail between $10,000 and $20,000. He also stated that Strickland had no resources that Strickland could use to contribute toward the bail amount and that Strickland would be staying with Strickland’s mother if he was able to make bail. Brown further testified that if the court released Strickland on bail, he would make sure that Strickland appeared in court as scheduled.
¶ 4. Special Agent Tim Douglas, with the Mississippi Bureau of Investigation, testified that Strickland, a high-school teacher, used his position to contact underage students and ask them for sexually suggestive photographs. More specifically, Strickland would convince some of the young male students that he would use the photographs to “set them up with a female.” Special Agent Douglas also testified that Strickland admitted that he had requested the photograph from the student. Additionally, Special Agent Douglas stated that Strickland had engaged in this type of conduct before. According to Special Agent Douglas, Strickland had used the same method of operation while he was a student at Delta State in 2009. While at Delta State, Strickland would entice men to let him take photographs of their private parts.[1]
¶ 5. As stated, the circuit court denied Strickland’s petition seeking a reduction in bail. However, the circuit court stated that if the grand jury had not indicted Strickland by June 1, 2013, then it would reduce the bail amount.[2]
¶ 6. Additional facts, as necessary, will be related in our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. We first note that the appel-lee did not file a brief in this ease. Our *237 supreme court has held that the “[fjailure of an appellee to file a brief is tantamount to a confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and [the] brief of the appealing party, that there was no error.” Sanders v. Chamblee, 819 So.2d 1275, 1277 (¶ 5) (Miss.2002) (quoting Dethlefs v. Beau Maison Dev. Corp., 458 So.2d 714, 717 (Miss.1984)). Here, after reviewing the record and Strickland’s brief, we can say with confidence that the circuit court did not err. Therefore, we do not consider the appellee’s failure to file a brief a confession of error.
¶8. Strickland argues that the amount of bail and the conditions placed on his release were excessive. The Mississippi Supreme Court has “maintained that the setting of bail is within the [circuit] court’s discretion[.]” Clay v. State, 757 So.2d 286, 240 (¶ 20) (Miss.2000). However, there are eight factors that a circuit court should consider when setting bail for a defendant:
1) [The][d]efendant’s length of residence in the community;
2) His employment status and history and his financial condition;
8) His family ties and relationships;
4) His reputation, character[,] and mental condition;
5) His prior criminal record, including any record of prior release on recognizance or on bail;
6) The identity of responsible members of the community who would vouch for [the] defendant’s reliability;
7) The nature of the offense charged and the apparent probability of conviction and the likely sentence, insofar as these factors are relevant to the risk of non-appearance; and
8)Any other factors indicating the defendant’s ties to the community or bearing on the risk of willful failure to appear.
Id. (quoting Shook v. State, 511 So.2d 1386, 1387 (Miss.1987)). Additionally, Article 3, Section 29(3) of the Mississippi Constitution of 1890 provides:
In the case of offenses punishable by imprisonment for a maximum of twenty (20) years or more or by life imprisonment, a county or circuit court judge may deny bail for such offenses when the proof is evident or the presumption great upon making a determination that the release of the person or persons arrested for such offense would constitute a special danger to any other person or to the community or that no condition or combination of conditions will reasonably assure the appearance of the person as required.
¶9. After considering the eight factors,[3] the circuit court found that Strickland was charged with a “capital offense,” which is a “serious matterf ] ... [requiring a] serious bail.” Consequently, the circuit court determined that the bail and conditions should remain the same. The circuit court also stated that under Article 3, Section 29(1) of the Mississippi Constitution of 1890, “in some capital offenses[,] the [defendant is not entitled to bail at all.” However, the circuit court was mistaken, as the offense under section 97-5-33(7) is not a capital offense. Mississippi Code Annotated section 1-3-4 (Rev. 2005) provides that capital offenses are offenses that are “punishable by death or imprisonment for life in the,state peniten *238 tiary.” The offense of enticing, inducing, persuading, seducing, etc., a child to produce a visual depiction of sexually explicit conduct, which is described in section 97-5-33(7), is punishable by a maximum sentence of forty years’ imprisonment. Nevertheless, section 97-5-33(7) does fall under Article 3, Section 29(3), quoted above, which also allows the circuit court to deny bail, under certain circumstances, when the maximum punishment is greater than twenty years.
¶ 10. The circuit court’s refusal to reduce Strickland’s bail is tantamount to denying bail, which, as stated, is permitted by Article 3, Section 29(3) when the proof is evident or the presumption great upon a finding that Strickland’s release would pose a danger to the child or to the community. Section 97-5-33(7) provides that “[n]o person shall by any means, including computer, knowingly entice, induce, persuade, seduce, solicit, advise, eoerce[,] or order a child to produce any visual depiction of adult sexual conduct or any sexually explicit conduct.” Mississippi Code Annotated section 97-5-31(b)(v) (Supp. 2013) defines sexually explicit conduct as “actual or simulated ... lascivious exhibition of the genitals or pubic area of any person[.]”
¶ 11. It is undisputed that Strickland requested and received a picture of the child’s genitals after convincing the child that he would set him up with a female. Therefore, the question is whether the picture of the child’s genitals is a depiction of the actual exhibition of the genitals, as the picture certainly is not a simulation. The physical display of the genitals themselves clearly would be an actual exhibition, but there was no physical display, at least not to Strickland. Nevertheless, we find that it would be an unreasonable or too narrow a construction of the words of the statute to find that a picture of a child’s genitals is not a depiction of the actual exhibition of the genitals. Therefore, we find that the picture of the child’s genitals constitutes “sexually explicit conduct” within the perimeters of 97-5-31(b)(v). Because the allegations against Strickland fall within the conduct prohibited by section 97-5-33(7), and because the proof is evident and the presumption great that Strickland may have committed an offense under section 97-5-33(7), we cannot say that the circuit court abused its discretion in refusing to reduce Strickland’s bond.
¶ 12. Therefore, we affirm the circuit court’s judgment denying Strickland’s petition for a writ of habeas corpus.
¶ 13. THE JUDGMENT OF THE PA-NOLA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR.

. Special Agent Douglas's actual testimony was that Strickland would entice men to let him take photographs of them, but it is clear from the context of the testimony of Special Agent Douglas that he was referencing pictures of the men’s private parts. Further, we assume that "men” refers to male students, whether they had reached the age or majority or not, who were attending Delta State.

. Strickland filed this appeal prior to June 1, 2013. The record does not indicate whether the court reduced Strickland's bail after June 1, 2013, or if the bail amount remains the same. The Mississippi Supreme Court has held:
Generally, [appellate courts] will not adjudicate moot questions. However, the public[-]interest exception allows [appellate courts] to review moot issues when the question concerns a matter of such nature that it would be distinctly detrimental to the public interest that there should be a failure by the dismissal to declare and enforce a rule for future conduct.... [A]n exception exists for cases which are capable of repetition, but would otherwise evade judicial review.
Lafayette Cnty. Bd. of Supervisors v. Third Circuit Drug Court, 80 So.3d 785, 788 (¶ 12) (Miss.2012) (internal citations and quotation marks omitted). Although we have no knowledge of whether the circuit court reduced Strickland’s bail, we deem it appropriate to review the issue.

. The circuit court found that Strickland was gainfully employed as a teacher at the time of the hearing. However, this was not the case, as the South Panola County School District had terminated Strickland’s employment soon after he was taken into custody.